UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Edward Frasier, #191206, | ) C/A No. 2:05-1902-DCN-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Internal Revenue Service, | ) |
| Defendants. | ) |

Plaintiff has filed this civil matter against the Internal Revenue Service. The plaintiff is currently incarcerated at the Lieber Correctional Institution in Ridgeville, South Carolina. According to the complaint, the Internal Revenue Service (IRS) issued a refund check to H&R Block Tax Services. The plaintiff claims the check was fraudulently endorsed. In addition, the plaintiff alleges that he never signed the 1040A Income Tax return that generated the tax refund. The plaintiff alleges he was detained at the Colleton County Detention Center at the time the return was filed and the check was cashed. He maintains that Paula Hadwin, a tax preparer for H&R Block, and a woman named Harriet R. Grant, removed plaintiff's "W-2 Wage Statement [from] plaintiff's mailbox...." He further alleges that Paula Hadwin allowed Harriet R. Grant to take the return to her home "for my signature", but that Harriet R. Grant "...forged the Plaintiff's name on the 2004 1040A tax return..."

Plaintiff also states that he received a letter from Paula Hadwin, and her supervisor, which confirmed that they allowed Harriet R. Grant to take the return to her home because this is "accepted procedure [&] practice at H&R Block Tax Mortgage and Financial Services." Plaintiff claims that Paula Hadwin should be charged with "aiding and abetting in the presentation of false documents

1

to the IRS...." He asks for a "Magistrate [Judge] to issue warrants for ... violation [of the]...federal income tax codes." Furthermore, the plaintiff claims that Paula Hadwin allowed Harriet R. Grant to take the return home, even though Paula Hadwin knew "that [plaintiff] was confined within the Colleton County Detention Center."

Plaintiff also states that he filed "a claim against the Dept. of Treasury for his income tax check which bear (sic) forged endorsement his claim was never investigated by the IRS". Plaintiff seeks an order from this Court directing the IRS to investigate his claim. In his prayer for relief, the plaintiff also seeks "...sanctions against Tax preparer Paula Hadwin, H&R Block Tax Services[.]" Paula Hadwin, H&R Block Tax Services, and Harriet R. Grant have not been named as defendants in this action.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are

2

assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Plaintiff seeks to hold the Internal Revenue Service liable for the alleged fraudulent acts, and alleged criminal acts, of private third parties. The United States, however, cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by the filing of a suit against a federal agency or a federal department, such as the Internal Revenue Service. *See* Campbell v. United States, 496 F. Supp. 36, 37-38 & n. * (E.D.Tenn. 1980).

Plaintiff might have a claim against the individuals, and the private tax preparation agency, whom he claims have participated in the alleged wrongful activity. Any such suit, however, would be properly brought in a South Carolina State Court, not a federal court. Although plaintiff alleges he filed a claim against the Department of the Treasury to obtain the income tax check which he maintains bears his forged endorsement, the plaintiff could also notify the Internal Revenue Service of the allegations he raises, as well as local law enforcement officials.

Even if the undersigned were to construe this matter as one brought pursuant to 42 U.S.C. § 1983, the plaintiff has not made allegations which would connect the actions (or inactions) of the defendants to the actions of any person who was acting under color of state law. Generalized or implicit allegations of conspiracy are not sufficient. See Stubbs v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and Joyner v. Abbott Laboratories, 674 F. Supp. 185, 191

(E.D.N.C. 1987).

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).[1]

Whether a private individual's or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment.'" Blum v. Yaretsky, supra, 457 U.S. at 1004-1005.

Since the plaintiff has not named an individual who may be sued in federal court under the circumstances presented, it is not necessary to make a recommendation regarding the remaining

---

[1] Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49, 1988 U.S. LEXIS® 2744 (1988)(collecting cases).

4

issues.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and "new" 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. The plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

July 12, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402